# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1221**
**CA 15-00626**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN
CITY OF LOCKPORT, PETITIONER-RESPONDENT,

              AND                           MEMORANDUM AND ORDER

LOCKPORT PROFESSIONAL FIREFIGHTERS
ASSOCIATION, INC., LOCAL 963, IAFF, AFL-CIO,
RESPONDENT-APPELLANT.

---

THE SAMMARCO LAW FIRM, LLP, BUFFALO (ANDREA L. SAMMARCO OF COUNSEL),
FOR RESPONDENT-APPELLANT.

GOLDBERGER AND KREMER, ALBANY (BRIAN S. KREMER OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

     Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered July 2, 2014 in a proceeding
pursuant to CPLR article 75.  The order, insofar as appealed from,
granted the petition of petitioner seeking a permanent stay of
arbitration and denied the cross motion of respondent to compel
arbitration.

     It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the petition is denied
and the cross motion is granted.

     Memorandum:  Petitioner and respondent are parties to a
collective bargaining agreement (CBA) that defines grievance as
including "all claimed violations of any contract existing between
[petitioner] and the employees covered by" the CBA.  After
petitioner's Civil Service Commission (Commission) created a new
position within the Lockport Fire Department, i.e., Municipal Training
Officer (MTO), respondent and petitioner negotiated the terms and
conditions of employment and the job duties applicable to that
position.  The product of their negotiations was a Memorandum of
Agreement (MOA) that provided, inter alia, that employees in the
position of MTO "shall only be eligible for future promotional
consideration to a Line Officer's position pursuant to existing civil
service rules, regulations, and procedure beginning with Fire
Lieutenant."  The Commission thereafter amended the job specifications
for Fire Chief to make the MTO eligible for promotion to Fire Chief.
Respondent filed a grievance and a demand for arbitration based upon
petitioner's alleged violation of the MOA, and petitioner commenced
this proceeding seeking a permanent stay of arbitration.

Supreme Court erred in granting the petition and denying respondent's cross motion to compel arbitration. At the outset, we note that petitioner did not previously raise its present contention that arbitration of the dispute is contrary to the Civil Service Law and public policy. Although that contention may be raised for the first time on appeal (*see Matter of Niagara Wheatfield Adm'rs Assn. [Niagara Wheatfield Cent. Sch. Dist.]*, 44 NY2d 68, 72), we conclude that it lacks merit. This State has a strong public policy favoring arbitration of public sector labor disputes (*see Matter of County of Chautauqua v Civil Serv. Employs. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519), and "judicial intervention on public policy grounds constitutes a narrow exception to the otherwise broad power of parties to agree to arbitrate all of the disputes arising out of their juridical relationships" (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6-7; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City Sch. Dist. of City of N.Y.*, 1 NY3d 72, 82). The instant dispute does not fall within the narrow scope of that exception, inasmuch as the provision of the MOA at issue concerns promotion, a term or condition of employment that is a proper subject for negotiation and agreement between the parties (*see Matter of Professional, Clerical Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 372).

We reject petitioner's contention that granting the remedy sought by respondent, i.e., enforcement of the MOA, would violate public policy and conflict with the Civil Service Law because it would interfere with the Commission's authority to establish the qualifications for the position of Fire Chief. "While the [Commission] undoubtedly had the authority to establish minimum qualifications for job titles in [City] government (*see* Civil Service Law §§ 50, 52), it does not follow that such determinations are immune from oversight or review" in an arbitration proceeding (*Matter of Ulster County Sheriff's Empls. Assn., CWA Local 1105 [Ulster County Sheriff's Dept.]*, 100 AD3d 1327, 1329, *lv denied* 20 NY3d 859). Contrary to petitioner's further contention, we conclude that submitting the parties' dispute to arbitration does not violate the public policy underlying the Civil Service Law, inasmuch as a determination in favor of respondent would not compel petitioner to hire an unqualified candidate for the position of Fire Chief (*see United Fedn. of Teachers, Local 2, AFT, AFL-CIO*, 1 NY3d at 80-81). Finally, petitioner's original contention, i.e., that respondent's dispute is with the Commission, which cannot be bound by an arbitration award, goes to " 'the merits of the grievance[, which] are not the court[']s concern' " (*Matter of Board of Trustees of Cayuga County Community Coll. [Cayuga County Community Coll. Faculty Assn.]*, 299 AD2d 907, 908).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court